OPINION OF THE COURT
Harold Baer, Jr., J.
This proceeding is brought to set aside a ruling by the New York State Industrial Board of Appeals (IB A) that the Federal Fair Labor Standards Act (FLSA) (52 US Stat 1060; US Code, tit 29, § 201 et seq.) does not preclude New York State Department of Labor (DOL) officials from conducting on-premises inspections and interviews to ensure employer compliance with State minimum wage and hour laws. Petitioner claims that the IBA erred as a matter of law.
The facts are not in dispute. Petitioner is a manufacturer of children’s headwear and is engaged in interstate commerce. Since September, 1981, the DOL has thrice attempted to inspect petitioner’s records and interview his employees. Petitioner consistently refused permission to do so and was served by DOL with notices of violations and a demand for compliance for failing “to permit employee interviews concerning wages paid and hours worked and failure to allow inspections of payroll records.” (See Labor Law, §§ 26, 661.)[1]
*740 Petitioner claims the FLSA pre-empted the State’s regulation of wages and hours and, accordingly, the State has no right to inspect his wage and hour records or to interview any of his employees.
The supremacy clause of the United States Constitution (US Const, art VI, cl 2) and the pre-emption doctrine have been used interchangeably as a means of finding overreaching State laws unconstitutional. (See, e.g., Perez v Campbell, 402 US 637.) Under the supremacy clause, a State law is invalid when it conflicts directly with Federal law, thus rendering compliance with both impossible. Under the doctrine of pre-emption, direct conflict is unnecessary; a State law which has a valid purpose, may be invalid where its effect is to pose an “obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” (Hines v Davidowitz, 312 US 52, 67.) The current trend in the United States Supreme Court has been away from pre-empting the States in the absence of a clear Congressional mandate to that effect. (See Note, The Preemption Doctrine: Shifting Perspectives on Federalism and the Burger Court, 75 Col L Rev 623, 639-654.) Preemption is ofttimes found in the express provisions of a statute or in the legislative history of the act. (See, e.g., Goldstein v California, 412 US 546.) An intent to pre-empt State regulations may frequently be inferred from a detailed, comprehensive legislative scheme or the need to promote a uniform national policy. (See Rice v Santa Fe Elevator Corp., 331 US 218.) Pre-emption no longer comes about merely because Congress may have regulated in the field. (See, e.g., City of Burbank v Lockheed Air Term., 411 US 624.)
Turning to the instant case, subdivision (a) of section 11 of FLSA (US Code, tit 29, § 211, subd [a]) provides that: *741 “The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this Act [US Code, tit 29, §§ 201-216, 217-219, 557] and may enter and inspect such places and such records * * * question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act”.
Juxtaposing section 11 of FLSA with sections 26 and 661 of the Labor Law, it is clear that there is no direct conflict between these provisions. Federal and State officials are both authorized to examine an employer’s records and interview employees to determine if Federal and State wage and hour regulations are being followed. Moreover, there is no indication in FLSA or its legislative history that Congress intended to preclude the States from regulating in the same area. To the contrary, FLSA provides: (1) Federal officials with the authority to “utilize the services of State and local agencies” to carry out wage and hour inspections (§11, subd [b]), and (2) that a State may impose stricter wage and hour standards in favor of employees (§ 18).[2] These sections clearly manifest a Congressional intent to preserve a role for State wage and hour laws, to encourage concurrent enforcement of State and Federal laws and thus to promote the elimination of substandard working conditions. (Accord Shaw v Delta Air Lines, 462 US_, 103 S Ct 2890 [airline alleged pregnancy benefits required by New York Disability Benefits Law were pre-empted by ERISA; held: No pre-emption provided State law does not prohibit acts that are lawful under Federal law].)
In Hitchcock Transp. Co. v Industrial Welfare Comm. (160 Cal Rptr 543), petitioner employers asserted that *742 industries exempt by Congress from the FLSA were immunized from State wage and hour laws. The teachings of the California appellate court are instructive:
“The thrust of the Petitioners’ argument is that if the states had the right to regulate the wages and hours in the industries exempted under the [FLSA] act, the exemptions would be meaningless. This argument is faulty for several reasons. First, the act specifically permits state regulation of minimum wages and maximum hours as long as the state standards exceed the federal standards * * * The exemptions do not extend to state regulation * * * Thus, the states have specific congressional authority to regulate minimum wage laws * * * Second, there is no indication from the act itself or its legislative history * * * that Congress, by providing exemptions, intended to prevent the states from regulating in the same area. In the absence of that indication, the Supreme Court has been unwilling to apply the preemption doctrine * * *
“The contention that state record-keeping and reporting requirements are preempted by federal requirements is also without merit. Since the state has the right to regulate, it has the implied power to do what is necessary to enforce the regulations. Record-keeping and reporting requirements clearly fall within that incidental power.” (160 Cal Rptr, at p 550.)
Accordingly, petitioner’s refusal to open its books for DOL inspection and allow interviews with its employees will subject him to the notices of violation issued by the respondent and the determination of the Industrial Board of Appeals ordering compliance was not erroneous as a matter of law. The application is denied and the petition is dismissed.

. Section 661 of the Labor Law provides in pertinent part: “Every employer shall keep true and accurate records of hours worked by each employee covered by an hourly *740 minimum wage rate, the wages paid to all employees, and such other information as the commissioner deems material and necessary, and shall, on demand, furnish to the commissioner or his duly authorized representative a sworn statement of the same. Every employer shall keep such records open to inspection by the commissioner or his duly authorized representative at any reasonable time * * * Employers shall permit the commissioner or his duly authorized representative to question any employee of such employer in the place of employment and during working hours in respect to wages paid to and the hours worked by such employee or other employees.”
Section 26 of the Labor Law provides: “All papers, books, records or other documents required to be kept by the provisions of this chapter or of the industrial code shall at all times be open for the inspection of the commissioner and the officers and employees of the department, and the persons in charge thereof shall afford every reasonable facility for their examination and permit copies to be made when required by the commissioner.”

. Section 18 of FLSA provides: “(a) No provision of this Act or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act or a maximum workweek lower than the maximum workweek established under this Act, and no provision of this Act relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this Act. No provision of this Act shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this Act, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this Act.” (US Code, tit 29, § 218.)